Case 1:23-cv-00109 Document 5 Filed on 08/30/23 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSE ROCHA JR., § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civil Action No. 1:23-cv-109 |
| § | | |
| ENRIQUE DE LA GARZA (DECEASED) § | | |
| INSURED (LIFE INSURANCE), ET AL., § | | |
| Defendants § | | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff Jose Rocha Jr.'s Complaint. Dkt. No. 1. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for lack of jurisdiction; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.  BACKGROUND

On July 31, 2023, Plaintiff filed his Complaint against Defendants: (1) "Enrique De La Garza (deceased) insured (life insurance)"; (2) the Cameron County Sheriff's Department; (3) the Brownsville Police Department; and (4) the "City of Brownsville (street maintenance)." Dkt. No. 1. (errors in original). Plaintiff's Complaint is rather incomprehensible. Liberally construed,[1] however, it appears Plaintiff seeks relief for alleged personal injuries he suffered on July 19, 2021, stemming from a traffic accident

---

[1] Because Plaintiff is a pro se litigant, the Court must liberally construe his Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

which, he contends, led to the death of De La Garza. *Id.* at 1. Plaintiff alleges that De La Garza's "intentional (suicidal) injury" suffered from "going to incoming traffic drunk, drugged and intoxicated to provoke an accident" triggered Plaintiff's "emotional distress, trauma, [and] life changing effects." *Id.* at 4. Critically, Plaintiff does not plead any facts regarding his connection to the alleged accident.

As to the remaining Defendants, Plaintiff asserts only the following claims:

> On July 19, 2021[,] Sherrif's [sic] Department Patrol Officer (N/A) stopped me and she gave me a ticket and I was sent home 10 minutes before the accident. Later I tried to get information on that ticket and is believed to disappear, it was to show innocen[c]e on my case. City of Brownsville failed to have night lights fixed on the streets.
>
> . . . Brownsville Police Department didn't want to help, so I asked for a case number at least to show I went to get help and she told me they couldn't help me because of COVID-19, but I know it was because of my tat[t]oos and I'm a male they didn't want to help me. I feel discriminated.

*Id.* (errors in original). Plaintiff requests unspecified monetary relief from Defendants in the form of "maximum liability cap." *Id.*

Upon review of Plaintiff's Complaint, for the reasons discussed below, the Court finds that it lacks subject matter jurisdiction; Plaintiff's Complaint should be dismissed without prejudice to refiling.

## II.  DISCUSSION

### A.  Legal Standard

"Federal courts are courts of limited jurisdiction" and must possess statutory or constitutional authority to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Id.* (cleaned up); *cf.* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction. . . ."). Two types of federal subject matter jurisdiction exist: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal courts have diversity jurisdiction in civil cases where the parties are citizens of different states, and the amount in controversy exceeds $75,000. *Id.* § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

The existence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. . . ."). Though courts must liberally construe a pro se plaintiff's complaint, the pro se plaintiff still "must comply with the well-pleaded complaint rule." *Derise v. Acadian Ambulance Corp.*, No. 6:19-CV-01289, 2019 WL 6971578, at *3 (W.D. La. Dec. 2, 2019) (Hanna, Mag. J.) (citing *Vela v. Manning*, 469 F. App'x 319, 321 (5th Cir. 2012) (per curiam)), *adopted by*, No. 6:19-CV-01289, 2019 WL 7169787 (W.D. La. Dec. 23, 2019) (Juneau, J.).

When a federal court lacks subject matter jurisdiction, it lacks the power to adjudicate the case, and it must dismiss the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); Fed. R. Civ. P. 12(h)(3). A federal court must, even sua sponte,

assess whether it has subject matter jurisdiction over a case, *Ruhrgas AG*, 526 U.S. at 577, and may dismiss a complaint for want of jurisdiction on its own motion, *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). When a district court dismisses an action for want of jurisdiction, the dismissal should be without prejudice. *Carver*, 18 F.4th at 498; *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010).

**B.      The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

Plaintiff contends that federal question jurisdiction forms the basis for the Court's jurisdiction in his personal injury suit here. Dkt. No. 1 at 3; *see* 28 U.S.C. § 1331. The pre-printed civil complaint form he filed asks Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." Dkt. No. 1 at 3. In response, Plaintiff lists the following: (1) "proper maintenance of streets of City of Brownsville"; (2) "breach of contract"; (3) "Texas Driver's Manual Chapter 13"; (4) "intentional tort, intentional infliction of emotional distress caused by an extreme conduct, intent or reckless disregard, causation"; (5) "Proc. Tort (3rd) § 53"; (6) his Fourth, Fifth, Sixth, and Fourteenth Amendment rights; (7) the "Due Process Act"; and (8) "Texas Acts of the 88th Legislative Regular Session, HB 4504 and HB17." *Id*. Plaintiff's listing alleged violations of his constitutional rights appear to be his only citation to specific federal statutes, treaties, or provisions of the United States Constitution which might form the basis for federal question jurisdiction here. However, the facts alleged in his Complaint do not reference those citations in support of his claims.

While Plaintiff lists various violations of his constitutional rights in the section of the pre-printed complaint form requesting a description of the jurisdictional basis for his claim, his claims fail to demonstrate that they are in fact based on violations of those

rights. *See Anderson*, 539 U.S. at 6; *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves . . . a [federal] question must be more than incantation."). Indeed, he lists only state tort claims against De La Garza and seeks relief from "Sheriff and Brownsville police officials for violating acts under the Texas Act of the 88th Legislature HB 4504 (also HB 17)." *See* Dkt. No. 1 at 3, 4. A claim arising under Texas law is not a claim that arises under federal law.

The Court further finds that Plaintiff's allegations against the Brownsville Police Department, the Cameron County Sheriff's Office, and the City of Brownsville are not properly before it. "When a plaintiff seeks a remedy for constitutional violations against municipalities or government actors, the 'proper vehicle for these allegations is [42 U.S.C.] § 1983 . . . .'" *Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 260 F. Supp. 3d 738, 803–04 (S.D. Tex. 2017) (Harmon, J.) (first citing *Hearth Inc. v. Dep't Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980); then citing *Burns–Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); and then citing *Mitchell v. City of Hous.*, 57 Fed. App'x. 211 (5th Cir. 2003)); *see* 42 U.S.C. § 1983 (providing a remedy to parties deprived of their constitutional rights by state officials' actions while acting under color of state law). Here, Plaintiff does not invoke § 1983, so any purported constitutional claim is subject to dismissal. *See Burns–Toole*, 11 F.3d at 1273 n.3.

Even if Plaintiff's Complaint could be read to invoke § 1983, the Court finds that Plaintiff has failed to state a claim under the statute. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). The Court has reproduced above the entirety of Plaintiff's claims;

Plaintiff has failed to allege any facts as to who purportedly violated his constitutional rights and how they did so.[2]

Because Plaintiff's claims arise under only Texas law, federal question jurisdiction does not exist here. Plaintiff has thus failed—even under the most liberal construction of his Complaint—to meet his burden to establish the Court's jurisdiction. *See Kokkonen*, 511 U.S. at 377; *Erickson*, 551 U.S. at 94; *see also Early v. FedEx*, No. 7:14-MC-00210, 2019 WL 11276417, at *1 (S.D. Tex. Jan. 24, 2019) (Hacker, Mag. J.) (dismissing plaintiff's claims for lack of jurisdiction because he "cite[d] no legal authority, federal or state"; his "claim resemble[d] an ordinary negligence or breach of contract claim"; and he brought "forth no claim arising under the Constitution or other federal law"), *adopted by*, No. MC M-14-210, 2020 WL 7059587 (S.D. Tex. Dec. 1, 2020) (Hinojosa, J.).

Although Plaintiff does not assert that diversity jurisdiction exists, the Court finds that it does not. Again, diversity jurisdiction requires complete diversity between the parties and an amount in controversy over $75,000. 28 U.S.C. § 1332. Here, plaintiff has neither pleaded the citizenship of any party nor stated an amount in controversy other than that he seeks the "maximum liability cap." The Court cannot then discern whether complete diversity or the requisite amount in controversy exists here, so Plaintiff has failed to meet his burden to establish diversity jurisdiction. *See id.*; *Kokkonen*, 511 U.S. at 377; *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) ("[T]he party

---

[2] Moreover, the Cameron County Sheriff's Office and the Brownsville Police Department may not have the capacity to be sued. *See* Fed. R. Civ. P. 17(b); *Johnson v. Hurtt*, 893 F. Supp. 2d 817, 826 (S.D. Tex. 2012) (Hittner, J.) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued. . . ."); *Menefee v. Hous. Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *5 (S.D. Tex. May 11, 2016) (Milloy, Mag. J.) ("A police department is usually not held to be a legal entity separate from the municipality it serves."), *adopted by*, No. CV H-14-1705, 2016 WL 3077487 (S.D. Tex. May 31, 2016) (Rosenthal, J.).

invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met."); *Rankins v. John McGowan Working Partners, Inc.*, 732 F. App'x 311, 312 (5th Cir. 2018) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

The Court lacks jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1331, 1332. Accordingly, Plaintiff's Complaint must be dismissed without prejudice. *See Ruhrgas AG*, 526 U.S. at 577; *Carver*, 18 F.4th at 498; *see also Fuller v. Waterstone Place LLC*, No. 4:22-CV-04467, 2023 WL 2568916, at *2 (S.D. Tex. Mar. 13, 2023) (Edison, Mag. J.) (dismissing plaintiff's case sua sponte for want of jurisdiction), *adopted by*, No. 4:22-CV-04467, 2023 WL 2873385 (S.D. Tex. Apr. 10, 2023) (Hanks, J.); *Bobino v. LNU*, No. 122CV00407MJTZJH, 2022 WL 18109690, at *2 (E.D. Tex. Nov. 28, 2022) (Hawthorn, Mag. J.) (same), *adopted by*, No. 122CV00407MJTZJH, 2022 WL 18108677 (E.D. Tex. Dec. 30, 2022) (Truncale, J.).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint for lack of jurisdiction; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### IV.  NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **30th** day of **August, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**